FOR ONLINE PUBLICATION ONLY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
GLORIA SANTIAGO,

                                MEMORANDUM AND ORDER
                Plaintiff,                         04 CV 4882 (JG)

       - against -

THE UNITED STATES ARMY,

                    Defendant.
----------------------------------------------------x

A P P E A R A N C E S:

    GLORIA SANTIAGO
        136C Poly Place 4B
        Fort Hamilton Army Base
        Brooklyn, New York 11209-8451
        Plaintiff *Pro Se*

    ROSLYNN R. MAUSKOPF
        United States Attorney
        Eastern District of New York
        One Pierrepont Plaza, 14th Fl.
        Brooklyn, New York 11201
    By:   Jennifer Schantz
        Assistant United States Attorney
        Attorney for Defendant

JOHN GLEESON, United States District Judge:

        Plaintiff Gloria Santiago brought this complaint seeking (1) review of the Army's determination that her disability rating was 40 percent, and (2) a permanent injunction enjoining the Army "from performing certain acts in the future." She claims that the Army wrongfully failed to consider her hypertension in calculating her disability rating. The Army moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure. For the reasons stated below, I hereby deny the Army's motion but order the Clerk to transfer the case to the United States Court of Federal Claims.

FACTS

Santiago enlisted in the Army in 1978 and served until she was released from her assignment on November 4, 2004, based on a determination by the Army that she was unable to perform her duties because of physical disabilities. The process by which the Army made that determination is outlined below.

On May 2, 2003, a commanding officer referred Santiago to an Army medical treatment facility because he believed that she was unable to perform her duties due to "various medical problems." (Compl. 141.) Pursuant to Army procedure, Santiago was referred to a Medical Evaluation Board ("MEB"), which documents the duty limitations caused by a soldier's medical status and determines whether the soldier is medically qualified for retention based on criteria set forth in Army Regulation ("AR") 40-501. *See* AR 635-40, ch 4-10. Santiago's MEB proceedings were held on November 3, 2003, and the MEB concluded that Santiago did not meet the Army's retention standards. Accordingly, it recommended referral to a Physical Evaluation Board ("PEB"). *Id.* at ch. 4-13. The PEB is a fact-finding board that determines, among other things, (1) whether the soldier is physically fit to perform her duties; (2) whether the disability is of a permanent or temporary nature; and (3) whether the disability meets the criteria established by law for compensation. *Id.* at ch. 4-19a(1)-(3). According to procedures established by Army regulations, the PEB also decides the percentage rating for each of the soldier's compensable disabilities, which reflects the severity of the medical condition, and records those findings on a DA Form 199. *Id.* at ch. 4-17, 4-19, 4-21. If the PEB cannot determine whether the soldier's

2

condition is permanent, she is placed on the Temporary Disability Retired List. ("TDRL"). A soldier on the TDRL must be evaluated at least once every 18 months to determine whether there is a change in her condition. Depending on the evaluation, the soldier may be returned to active duty, separated from the service for disability, or retained on the TDRL. 10 U.S.C. §§ 1210, 1211. A final determination regarding the soldier's retention must be made no later than five years after placement on the TDRL. *Id.*

When first referred by a commanding officer, each soldier's case is considered by an informal PEB. AR 635-40, ch. 4-20. If the soldier disagrees with the informal PEB's findings, she is entitled to a formal hearing, which is intended to "afford the soldier the opportunity to present views, testimony, and new evidence." *Id.* at 4-21. In this case, a formal hearing was requested and subsequently held on May 19, 2004. The PEB placed Santiago on the TDRL with a 40 percent disability rating based on her diabetes mellitus, chronic lower back pain with degenerative disc disease and migraine headaches. (Compl. 2-3, 117-18.) A soldier may submit a rebuttal appealing the formal PEB's findings to the same PEB. (*See id.* at 120.) Here, Santiago timely filed a rebuttal and the PEB affirmed its findings on June 10, 2004. (*Id.* 107-08.)

If a soldier submits a rebuttal, the United States Army Physical Disability Agency ("USAPDA") reviews the PEB's final findings and recommendations. AR 635-40, ch. 4-22. The USAPDA may concur with the PEB, remand the case back to the PEB, issue revised findings (including a revised disability rating), or refer the case to the Army Physical Disability Appeal Board. Here, the USAPDA concurred with the PEB's findings by decision dated July 20, 2004. (Compl. 104.) Accordingly, on September 10, 2004, the Human Resources Command

issued its final order releasing Santiago from her assignment and placing her on the TDRL with a 40 percent disability rating as of November 4, 2004. (*Id.* at 58.)

Santiago commenced the instant action on November 10, 2004. The Army has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction over (1) the claims brought pursuant to the Tucker Act and the "Little Tucker Act," 28 U.S.C. §§ 1396, 1491; (2) the claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; and (3) the claims arising under the Uniform Military Code of Justice and General Military Law. In Santiago's response to the motion, she clarifies that she has not asserted a claim of discrimination under Title VII. Accordingly, I will not address that claim. Based on my reading of the complaint (*see* Compl. 6), as well as Santiago's statements at a status conference held on March 3, 2005, where she clarified her claim and the relief she sought (tr. dated Mar. 3, 2005, at 9, 20-21), I find that Santiago asserts no claims under the Uniform Military Code of Justice or the General Military Law. Although the complaint is lengthy and difficult to follow at times, her elaboration of her claim renders it fairly straightforward: Santiago contends that the Army did not follow its own rules and procedures when it determined that she will be placed on the TDRL with a disability rating of 40 percent. I heard oral argument on the Army's motion on April 29, 2005.

DISCUSSION

A.  The Standard for a Motion to Dismiss under 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court considers the pleadings, and may

consider affidavits and other materials to resolve the jurisdictional question. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir. 2001); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), I must accept as true all material factual allegations in the complaint, but I will not draw inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).

B.      Review of the Army's Disability Determination

The Tucker Act establishes the jurisdiction of the United States Court of Federal Claims for certain non-tort claims against the United States. *See* 28 U.S.C. § 1491. The "Little Tucker Act" gives United States District Courts concurrent jurisdiction over a subset of claims that can be brought properly in the Court of Federal Claims -- those claims where the amount sought does not exceed $10,000. It states in relevant part as follows:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . .
>
> (2) Any . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

28 U.S.C. § 1346(a)(2). The parallel statutory provision for the Court of Federal Claims does not have a $10,000 amount-in-controversy limitation. *See* 28 U.S.C. § 1491. Both Acts "waive[] sovereign immunity [for] . . . actions brought pursuant to money-mandating constitutional provisions, statutes, regulations, or executive orders." *Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (citations omitted). A plaintiff must allege that she is entitled to a

monetary award from the United States to be eligible for a waiver of sovereign immunity under the statute. *Id.*

Under these statutes, the Court of Federal Claims and federal district courts, to the extent discussed above, have "jurisdiction to review discretionary actions of military departments concerning denial of disability retired pay, discharge of Army officers on active duty, determinations of whether a person is fit for duty, and correction of military records." *Pope v. United States*, 15 Cl. Ct. 218, 221 (Cl. Ct. 1988) (citations omitted). Claims contesting the military's disability determinations, including the Army's disability ratings, are "money-mandating" claims governed by the Tucker Act and the "Little Tucker Act." *See Real v. United States*, 906 F.2d 1557, 1558-59 (Fed. Cir. 1990); *Poole v. United States*, Nos. 02-454C & 04-460C, 2005 WL 850877, *5-7 (Fed. Cl. Mar. 23, 2005) (reviewing Army's disability rating for soldier seeking increased rating based on mental disability and diabetes); *Bernard v. United States*, 59 Fed. Cl. 497, 503 (Fed. Cl. 2004) (finding subject matter jurisdiction in Court of Federal Claims for allegations of unlawful denial of disability retirement benefits, including claims contesting disability ratings). When jurisdiction is proper, courts may review military proceedings to determine whether they were "arbitrary, capricious, not supported by substantial evidence, or contrary to applicable statutes and regulations." *Bernard*, 59 Fed. Cl. at 501 (citing *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983)).

As noted above, a district court's jurisdiction is limited to claims where the amount in controversy is less than or equal to $10,000. *See Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004) (holding that a claim where plaintiff seeks to recover $63,350 cannot be pursued in federal district court under the "Little Tucker Act"); *see also Ward v. Brown*, 22 F.3d

6

516, 519 (2d Cir. 1994). Accordingly, jurisdiction is also lacking over a claim for a stream of future payments where the sum of those payments exceeds $10,000. *Doe v. Civiletti*, 635 F.2d 88, 95 n.18 (2d Cir. 1980) (finding that a claim for monthly payments of $1,000 for at least two years going forward "exceed[s] $10,000" and is not properly brought in district court).

Under Rule 12(b)(1), district courts may properly dismiss a claim that exceeds the amount in controversy limitation of the "Little Tucker Act." Courts may also transfer the case under 28 U.S.C. § 1631, which states in relevant part:

> Whenever a civil action is filed in a court . . . or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

*Id.* The Second Circuit has specifically found that where a district court does not have jurisdiction over a Tucker Act claim because the amount in controversy exceeds the statutory limit, it may transfer the case to the Court of Federal Claims under 28 U.S.C. § 1631 "if it is in the interest of justice." *Adeleke*, 355 F.3d at 152 (citing *Waters v. Rumsfeld*, 320 F.3d 265, 272 n.8 (D.C. Cir. 2003)).

Here, Santiago is seeking $100 million, costs and attorneys' fees. (Compl. 1.) Even if the damages sought were measured more modestly, *i.e.*, if they were based on Santiago's claim that her disability retirement benefits should be higher, the claim certainly exceeds $10,000. Accordingly, this Court does not have jurisdiction over Santiago's claim.

I do not fault the *pro se* plaintiff for bringing her claim in this Court rather than in the Court of Federal Claims, which has jurisdiction to hear it. 28 U.S.C. § 1491. Moreover, because she has provided this Court with extensive documentation in support of her claim, I see

7

no reason to burden her with having to file another case and provide that same documentation again to the Court of Federal Claims. Accordingly, I find that it is in the interest of justice to transfer Santiago's claim contesting her disability rating to the Court of Federal Claims.

## CONCLUSION

The Army's motion to dismiss the complaint is denied. The Clerk of the Court is respectfully directed to transfer the case to the United States Court of Federal Claims. *See* 28 U.S.C. § 1631.

So Ordered.

JOHN GLEESON, U.S.D.J.

Dated: May 26, 2005
Brooklyn, New York